**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ANTHONY BATTON,

        Plaintiff,

        v.

RYAN INTERNATIONAL AIRLINES, Inc.,
And
Gino Jorgensen, Patrice Guzman, Julie
Bergmann, Andrew Yeoman, Jessica Ryan,
Adam Pflueger, Jennifer Martin, Debra
O'Shiel, Robbet Johnson-Thomas, Lynn
Charleston; each and all as individuals and as
Agents of Ryan International Airlines

        Defendant.

Case Number  09-50144

Jury Demanded by Plaintiff

**COMPLAINT**

NOW COMES, the Plaintiff, Anthony Batton, and complains of the acts and actions of

Respondent, Ryan International Airlines and Gino Jorgensen, Patrice Guzman, Julie Bergmann,

Andrew Yeoman, Jessica Ryan, Adam Pflueger, Jennifer Martin, Debra O'Shiel, Robbet

Johnson-Thomas, Lynn Charleston as follows:

**NATURE OF THE CASE**

1.  In this four (4) count Complaint, Plaintiff Batton seeks redress for Defendant's creation

    and perpetuation race discrimination in violation of Title VII of the Civil Rights Act of

    1964, 42 U.S.C. § 2000 et seq. ("Title VII") and for libel/slander and intentional

    interference with contract under Illinois Common Law.

**Title VII claims Section**

## PROCEDURAL REQUIREMENTS

2. Plaintiff fulfilled all conditions precedent to the institution of this action under Title VII, as amended by the Civil Rights Act of 1991.

*3.* Plaintiff filed a "Charge of Discrimination" with the Illinois Department of Human Rights (IDHR) and Equal Employment Opportunity Commission.

*4.* The agencies (IDHR and EEOC) have since issued a "Notice of Right to Sue (Issued on Request)". *See Notices of Right to Sue, attached hereto as Exhibit "ONE".*

5. Plaintiff has timely filed this lawsuit within ninety (90) days from the date of the issuance of the *Notices of Right to Sue.*

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981, as amended, and 28 U.S.C. §1331 and §1343.  Supplemental jurisdiction over Plaintiff's Illinois state law claim is conferred by 28 U.S.C, § 1367 (a).

7. Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because the Plaintiff and Defendant either reside in this judicial district and/or because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## PARTIES to the Title VII claims

8. Plaintiff ANTHONY BATTON is an African-American that resides in Rockford, Illinois, within the Northern District of Illinois.

7. Defendant Ryan International Airlines is a governmental entity with offices in this Judicial District.

8.  Defendant  Ryan International Airlines is engaged in an industry affecting commerce and employs more than fifteen (15) employees and is an employer within the meaning of Sections 701(b) and (h) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, et seq.

## FACTS UPON WHICH THE TITLE VII CLAIMS ARE BASED

9.  Plaintiff was an employee of Defendant pursuant to Title VII.

10. At all relevant times, Plaintiff performed his job responsibilities in a manner that met and or exceeded Defendant's legitimate expectations.

11. On a continuing, ongoing and escalating basis the Plaintiff discriminated against he Plaintiff based on his race.

12. The discrimination has caused the Plaintiff a loss of income, benefits and other harms.

13. Plaintiff reported/complained about the discrimination to Defendant's supervisory personnel.

14. After Plaintiff reported the discrimination, Defendant took no action to investigate, remedy, stop, alleviate, or otherwise address the discrimination.

15. The actions of Defendant in intentionally engaging in and condoning discrimination against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

16. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law.

17. Plaintiff hereby states that this complaint is drafted in accordance with the provisions of

Federal Rules of Civil Procedure for "Notice Pleading" and not "Fact Pleading" in fulfillment of Rule 8(a), which requires that a claim for relief need contain, in addition to a statement concerning jurisdiction and a demand for judgment, that Plaintiff is entitled to relief.

## COUNT I

### RACE DISCRIMINATION
### VIOLATION OF TITLE VII
### CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et seq.

#### Against Ryan International Airlines

18. Plaintiff incorporates and realleges all paragraphs as if fully set forth herein against Defendant.

19. At all times relevant to this cause of action, Plaintiff was a "person" and "employee" of Defendant, and Defendant was his "employer" covered by and within the meaning of Title VII.

20. The actions of Defendant as perpetrated by its agents are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of his race, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

21. At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from discriminating against Plaintiff based on his gender.  Defendant had a duty under Title VII to prevent the ongoing race discrimination.

22. Plaintiff has a federally protected right to work in a workplace that is free from race discrimination.

4

23. Plaintiff reported the race discrimination to management and supervisory employees of Defendant.

24. Despite knowledge of reports and complaints by Plaintiff, Defendant refused to take any action to investigate, remediate, stop, prevent, or otherwise address the ongoing discrimination and/or retaliation.

25. The discriminatory actions by Defendant, through their management agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

26. Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

27. Defendant maintains a work environment that discriminates against African-American employees.

28. The actions of Defendant in intentionally engaging in and condoning sex discrimination against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

a. All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

b. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct;

c. Defendant be required to pay prejudgment interest to Plaintiff on these damages;

d. A permanent injunction enjoining Defendant from engaging in the discriminatory practices complained of herein;

e. A permanent injunction requiring Defendant adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e et seq.;

f. The Court retain jurisdiction of this case until such time as it is assured that Defendant have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

g. An injunctive order requiring the Defendants to offer the Plaintiff one or more of the positions to which the Plaintiff was denied and/or not promoted to.

h. An award of reasonable attorneys' fees, costs, and litigation expenses; and

i. Such other relief as the Court may deem just or equitable.

## Common Law Claims Section

## SLANDER AND LIBEL

29. Plaintiff incorporates and realleges all paragraphs as if fully set forth herein against Defendant.

30. Plaintiff Batton also seeks redress for Defendants slanderous and libelous spoken and/or written words and interference in the contractual relations with the Plaintiff.

31. This Court has jurisdiction pursuant to supplemental jurisdiction of this Court and the Defendants having acted within the state of Illinois.

32. Venue is proper in this judicial district because the Plaintiff is resident of this area and Defendant Ryan is located in this area and many of the events occurred in or where transmitted to the Rockford area.

## PARTIES to the Libel Slander Claims

33. Plaintiff Anthony Batton resides in the state of Illinois. (Hereinafter, referred to as "Plaintiff" or "Batton".

34. Defendant Ryan International Airlines (Ryan) is a corporation engaged in business and with offices in this District.

35. Defendants Gino Jorgensen, Patrice Guzman, Julie Bergmann, Andrew Yeoman, Jessica Ryan, Adam Pflueger, Jennifer Martin, Debra O'Shiel, Robbet Johnson-Thomas, Lynn Charleston  are or were employees of Defendant Ryan. (Hereinafter referred to as "Individual Defendants").

## FACTS UPON WHICH THE CLAIMS ARE BASED

36. Plaintiff Batton was an exceptional employee of Ryan.

37. Plaintiff Batton was hired by Ryan on or around July 2007 as a Flight Attendant.

38. Batton had an outstanding reputation at the Ryan and within the community as a good citizen and excellent employee.

39. At all relevant times, Plaintiff performed his job responsibilities in a manner that met and or exceeded Defendant's legitimate expectations.

40. Plaintiff was such an exceptional and successful employee of Ryan that in January of 2008 he was asked to partake in a "Lead" training class, which is an "In-Flight" supervisory position with Ryan.

41. Despite this dedication and success, his supervisors and fellow employees at Ryan had malice and ill will for him, as evidenced by their repeated attempts to cause him harm, including but not limited to:

   a. Falsely claiming he was "disciplined" in the Spring of 2008;

   a.    Conspiring with other employees to create problems with the Plaintiff

42. These falsities are demonstrated as untrue by 1) the lack of discipline in his employee personnel file 2) the absurdity/pettiness of the alleged "problems".

43. The Plaintiff was employed by Ryan as a Flight Attendant.

44. The Plaintiff worked with and for the individual Defendant's who were fellow Flight Attendants and/or In-Flight Department persons (In-Flight), and/or Human Resources person (HR) .

45. In July, August, September of 2008 and other dates Defendants' made libelous and slanderous statements.

46. These statements were untrue and false.

47. The Plaintiff was not and is not a public figure.

48. The untrue and false words were untrue statements which imputed the Plaintiff's ability to work and professional ethics

49.   Individual Defendants made these statements and published them while acting within the scope of their employment with the Ryan.

50.   Said statements were also made in accordance with their job descriptions and or assigned responsibilities.

51.   The statements by Defendants were Defamatory.

52.   The above defamatory statements were concerning or "of" the Plaintiff, ie: the identity of the Plaintiff was clearly known to the persons to which the statements were made in that the statements used the Plaintiff's name, referred to the Plaintiff directly or discussed the Plaintiff's actions.

53.   The above defamatory statements were published to a third person(s).

54.   The defamatory statements damaged the reputation of the Plaintiff.

55.   The defamatory statements damaged the financial status of the Plaintiff by her loss of income and employment generally.

56.   The defamatory statements were defaming on their face, in that they imputed the Plaintiff's honesty, integrity, virtue.

57.   The Defendants made or expressed defaming statements of fact, however, if any of the statements were statements of opinion, the statements were based on specific facts and those facts were defamatory.

58.   The false statements were directly related to the Plaintiff's ability to perform her profession and trade: thus the slander was Per Se, thus damages are presumed

## Abuse of Qualified Privilege

59.   The Defendants statements by employees of Ryan were not privileged because they were motivated by malice and ill will as described above.

60.   The statements by Ryan employees were not privileged because the Defendants had malice and ill will, as demonstrated by the above facts and with knowledge that the statements were false and/or reckless disregard as to its falseity or truth.

61.   Defendant employees of Ryan ignored the clear and obvious conflicts within the statements and failed to investigate the statements, the investigation records are rife with obvious untruths, which Ryan ignored thus further demonstrating malice and ill will.

62.   These obvious untruths show Ryan and employees of Ryan recklessly acted by showing a disregard for the defamed party's rights, including the failure to properly investigate the truth of the matter, limit the scope of the material, or send the material to only the proper parties.

63.   Defendants knew that the statements were false at the time that they first made them. Consequently, their communications with others are not privileged.

64.   All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by.

## Defamation Per Se

65.   Said statements are libel per se and slander per se  because the statements accuse Smith of committing an act which is a crime and which injured his reputation in his occupation and resulted in the loss of his job at KCI.

66.   As a result of the above described defamation, Plaintiff has suffered harm to her personal and occupational reputation, humiliation, extreme emotional distress and mental suffering.

### Ryan's Liability for Individual Defendants' Defamatory Statements

67.   Defendant, Ryan, is jointly and severally liable for the defamatory statements of its employees because they were acting within the scope of their employment in furtherance of the KCI's business.

68.   A second, and independent, basis for the abuse of its qualified privilege is that the KCI failed to properly investigate the accusations against Plaintiff in that:

   a.      Failed to consider the prior reviews of the Plaintiff's performance

   b.      Failed to interview and consider current and former employees trust of the Individual Defendants and other witnesses as an information source.

   c.      Failed to consider the internal inconsistencies of the statements.

   d.      Other indications of untruth.

69.   Defendant, Ryan, ratified and condoned the Individual Defendants' false statements and defamation by discharging Plaintiff from his employment with Ryan.  Therefore, Ryan is liable not only for compensatory damages, but also for punitive damages.

## FACTS UPON WHICH THE INTERFERENCE WITH CONTRACT CLAIMS ARE BASED

70.   Plaintiff had a valid contractual relationship with Ryan.

71.   Defendants (all Defendants other than Corporate Defendant Ryan) had knowledge of the relationship(s).

72.   The Defendants intended to interfere with the Plaintiff's valid contractual relationship and thereby induced a breach or termination of the relationship.

73.   The breach and termination of the relationship caused damage to the Plaintiff.

74.   The Defendants actions were not privileged as alleged above.

## COUNT II

### LIBEL/ SLANDER PER SE

### Against All Named Defendants


75.   Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

76.   The words used by Defendants are in and of themselves so obviously and naturally harmful that proof of special damages is unnecessary.

77.   The words were falsely communicated, thus constitute defamation *per se*: in this case because they were (1) Those imputing the commission of a criminal offense; (2) Those imputing infection with a communicable disease of any kind which, if true, would tend to exclude one from society; (3) Those imputing inability to perform or want of integrity in the discharge of duties of office or employment; (4) Those prejudicing a particular party in her profession or trade;

### COUNT III

### LIBEL /SLANDER PER QUOD

### Against All Named Defendants

78.   Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

79.   The above-facts are defamatory; and the defamatory communications are defaming because the Plaintiff works in the airline and transportation business.

80.   Safety and security is vital for the health and welfare of the Plaintiff's passengers.

81.   The accusation that the Plaintiff was unsafe, a security threat and committing assaults is defaming because it implies directly and indirectly that the Plaintiff is an able to work in the airline industry.

## COUNT IV

### TORTIOUS INTEREFERENCE WITH CONTRACT

### Against all Defendants other than Ryan

82.   Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein

83.   There was a contractual and/or beneficial business relationship between the Plaintiff and Ryan.

84.   The other Defendants were aware of that relationship.

85.   The Defendants intended to induce Ryan to breach that relationship.

86.   There was no privilege as to those third parties.

87.   Plaintiff was damaged by the breach.

WHEREFORE, Plaintiff prays for Judgment in excess of $50,000.00 to include recovery for  lost wages, for lost benefits, for personal humiliation, mental anguish, and suffering, and for punitive damages as to Counts II, III and IV.

__-S-John C. Ireland____

John C. Ireland

John C. Ireland
The Law Office of John C. Ireland
1921 Charles Lane
Aurora Illinois   60505
630-464-9675
Attorneyireland@Gmail.com
Attorney Number 6283137