IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

ANTHONY BATTON,

    Plaintiff,

v.

RYAN INTERNATIONAL AIRLINES,
INC., and GINO JORGENSON, PATRICE
GUZMAN, JULIE BERGMANN, ANDREW
YEOMAN, JESSICA RYAN, ADAM
PFLUEGER, JENNIFER MARTIN, DEBRA
O'SHIEL, ROBBET JOHNSON-THOMAS,
LYNN CHARLESTON; each and all as
individuals and as agents of Ryan International
Airlines,

    Defendants.

Case No. 09-CV-50144

Judge Reinhard
Magistrate Judge Mahoney

**DEFENDANTS GUZMAN'S, BERGMANN'S, YEOMAN'S, JORGENSON'S, MARTIN'S, O'SHIEL'S, THOMAS'S, PFLUEGER'S, AND CHARLESTON'S MOTION TO STAY DISCOVERY AS TO THEM**

    Defendants Gino Jorgensen, Patrice Guzman, Julie Bergmann, Andrew Yeoman, Jennifer Martin, Debra O'Shiel, Robbet Johnson-Thomas, Adam Pflueger, and Lynne Charleston (hereinafter collectively "Moving Defendants") respectfully move this Court to stay discovery as to them pending the Court's resolution of their motions to dismiss Plaintiff Anthony Batton's (hereinafter "Plaintiff" or "Batton") Amended Complaint. In support of their Motion, the Moving Defendants state as follows:

    1.    Plaintiff Anthony Batton (hereinafter "Plaintiff" or "Batton"), a former employee of Ryan, filed a four-count Complaint against the Moving Defendants, their employer, Ryan International Airlines, Inc. ("Ryan"), and certain other Ryan employees, alleging among other

things, that the Moving Defendants defamed him and tortiously interfered with an alleged contractual relationship between him and Ryan.

2. On November 19, 2009, the Court, *sua sponte,* struck Plaintiff's Complaint, because it was "poorly drafted," and was "disorganized and contain[ed] numerous inaccuracies." Because the Court struck Plaintiff's Complaint, it denied the Moving Defendants' pending motions to dismiss without prejudice, including a motion by Moving Defendants Jorgenson, Martin, O'Shiel, Thomas, Pflueger, and Charleston to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and a motion by all of the Moving Defendants to dismiss for failure to state a claim pursuant to Fed. R.Civ. P. 12(b)(6).

3. On December 8, 2009, Plaintiff filed an Amended Complaint that contained all of the counts in his original Complaint, but added an additional count for intentional infliction of emotional distress.

4. The Moving Defendants have filed renewed motions to dismiss (Docket Nos. 40-41, 43-44) pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), which, if granted, will dispose of all claims as to the Moving Defendants; and accordingly seek a stay of discovery as to them until such time as the Court determines that they are proper parties in this action and/or whether Plaintiff has stated any viable claims against them.

5. As this Court has recently noted, "[t]he court may grant a motion to stay discovery for a number of reasons, including the filing of a motion to dismiss. . . . Stays are often deemed appropriate where the motion to dismiss can resolve a threshold issue." *Coss v. Playtex Prods., LLC*, 2009 U.S. Dist. LEXIS 42933, at *3 (N.D. Ill. May 21, 2009)(Mahoney, J.) (attached hereto as Exhibit A)(*citing Crawford-El v. Britton*, 523 U.S. 574, 599 (1998) and *DSM*

*Desotech, Inc. v. 3D Systems Corp et al.,* 2008 U.S. Dist. LEXIS 87473, at *5 (N.D. Ill. Oct. 28, 2008) (attached hereto as Exhibit B)).

6. Here, Moving Defendants Jorgenson, Martin, O'Shiel, Thomas, Pflueger, and Charleston have moved this Court for dismissal because the Court lacks personal jurisdiction over them. Whether or not the Court has personal jurisdiction over the Moving Defendants (or any one of them), is a threshold issue that should be resolved before subjecting the Moving Defendants to discovery obligations as party defendants. *See, e.g.,* Fed. R. Civ. P. 45(b)(1).

7. The Moving Defendants have also moved this Court for dismissal of Counts II, III, IV, and V of the Amended Complaint because they fail to state claims upon which relief can be granted. As this Court noted in *Coss*, the Supreme Court's recent holdings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (U.S. 2009) — generally, that a plaintiff must plead factual allegations that raise a right to relief above a speculative level—were grounded in a policy of not allowing burdensome discovery in cases where the plaintiff's claim is without foundation. *Coss* 2009 U.S. Dist. LEXIS 42933 at *6-9. *See also, Iqubal,* 129 S.Ct. at 1949-1950 ("we are not bound to accept as true a legal conclusion couched as a factual allegation . . . [Fed. R. Civ. P.] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

8. Because the Moving Defendants' motions to dismiss address threshold issues that should be resolved before subjecting them, as individuals, to burdensome discovery, this Court should stay discovery as to Defendants until such time as those issues are resolved.

3

9. Undersigned counsel for the Moving Defendants conferred with Plaintiff's counsel to determine whether Plaintiff would voluntarily agree to stay discovery as to the Moving Defendants. Plaintiff has declined to agree to such a stay.

WHEREFORE, Defendants Guzman, Bergmann, Yeoman, Jorgenson, Martin, O'Shiel, Thomas, Pflueger, and Charleston respectfully request that this Court stay discovery as to them pending the Court's rulings on Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), which are filed concurrently with this Motion.

Dated: January 8, 2010

Respectfully submitted,

PATRICE GUZMAN, JULIE BERGMANN, ANDREW YEOMAN, GINO JORGENSON, JENNIFER MARTIN, DEBRA O'SHIEL, ROBBET JOHNSON-THOMAS, ADAM PFLUEGER, AND LYNNE CHARLESTON

By:  s/ Becky L. Kalas
Attorney for Defendants
Guzman, Bergmann, Yeoman, Jorgenson, Martin, O'Shiel, Johnson-Thomas, Pflueger, and Charleston
Becky L. Kalas
IL ARDC# 6279983

Steven L. Brenneman
Becky L. Kalas
FORD & HARRISON, LLP
55 East Monroe Street
Suite 2900
Chicago, IL 60603-5709
(312) 332-0777 - Telephone
(312) 332-6130 - Facsimile

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that the foregoing DEFENDANTS JORGENSON'S, MARTIN'S, O'SHIEL'S, THOMAS'S, PFLUEGER'S AND CHARLESTON'S MOTION TO DISMISS COUNTS II, III, IV, AND V OF PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION was filed electronically with the Northern District of Illinois on January 8, 2010, and is available for viewing and downloading from the Electronic Case Filing (ECF) System.

The undersigned also certifies that a courtesy copy of the foregoing MOTION was placed with an overnight mail courier for delivery to Magistrate Judge Mahoney's chambers on the date of filing for delivery the following business day.

Service of this MOTION was accomplished electronically through the ECF System on the following ECF registered filing users:

John Craig Ireland (atty4employees@aol.com)
Anthony Batton (atty4employees@aol.com)

s/Becky L. Kalas
Bar #: 6279983 (IL)
Attorney for Defendants
FORD & HARRISON LLP
55 East Monroe Street – Suite 2900
Chicago, IL 60603
(312) 332-0777 Telephone
(312) 332-6130 Fax
Email: bkalas@fordharrison.com

Steven L. Brenneman
Becky L. Kalas
Ford & Harrison LLP
55 East Monroe Street, Suite 2900
Chicago, IL 60603-5709
(312) 332-0777 - Telephone
(312) 332-6130 - Fax

5

Chicago:363780.1